UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| E.T., a minor, through her Father M.T., | : | CIVIL NO: 3:16-CV-01212 |
| Petitioner | : | |
| | : | (Judge Kosik) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| SUE ALBERTI, et al., | : | |
| Respondents | : | |

**<u>REPORT AND RECOMMENDATION</u>**

On June 20, 2016, E.T., a minor, through her father, M.T., filed a document titled "Emergency Petition for Writ of Habeas Corpus and Declaratory and Injunctive Relief, and Complaint for Civil Conspiracy, Intentional Infliction of Emotional Distress, and Defamation." This document, which contains both habeas corpus claims and regular civil claims, names as defendants/respondents: Sue Alberti, Director of Clearvision Residential Treatment Services, Inc.; Shannon Wisniewski, Director of Pike County Children and Youth Services; Matthew M. Osterberg, Chairman of the Pike County Commissioners; Rich Cardi, Vice Chairman of the Pike County Commissioners; Steve Guccini, a Pike County Commissioner; Maurice Kershner, E.T's mother's boyfriend; and Nataly Trapeznikova, E.T.'s mother.

E.T. paid the $5.00 filing fee applicable to habeas corpus cases, and the habeas claims seem to be the primary focus of this case as those claims are presented first in the petition/complaint. Thus, construing the document filed by E.T. as a habeas corpus petition, by an order dated June 22, 2016, we directed the Clerk of Court to serve the petition on the District Attorney of Pike County, Pennsylvania, the Attorney General of the Commonwealth of Pennsylvania, Pike County Children and Youth Services, and Clearvision Residential Treatment Services, Inc. and we directed that the respondents file an answer.

Given the differences between habeas corpus and regular civil claims, including differing filing fees and procedures, it is not appropriate to combine habeas and regular civil claims in one case. *Burnam v. Marberry*, 313 F. App'x 455, 456 n.2 (3d Cir. 2009) (noting that the district court "should not have combined the habeas action and the claims under the Privacy Act and APA into a single case").

Accordingly, we recommend that the regular civil claims in this case be dismissed without prejudice to the plaintiff refiling them as a separate civil action.

We further recommend that the case be remanded to the undersigned for further proceedings as to the habeas corpus claims.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 23rd day of June, 2016.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge
